IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Ward Participations B.V.<br><br>　　　Plaintiff,<br><br>v.<br><br>Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.,<br><br>　　　Defendants | Civil Action No. 21-cv-00806<br><br>The Honorable _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ward Participations B.V. ("Ward Participations" or "Plaintiff"), files this Complaint for Patent Infringement against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants" with each Samsung entity a "Defendant"), and demanding trial by jury, hereby alleges, on information and belief with regard to the actions of Defendants and on knowledge with regard to its own actions, as follows:

## PARTIES

1. Plaintiff is a Limited Liability Company registered in the Netherlands, having its statutory seat at Aerdenhout with its principal place of business located at Sloterweg 71, 1171 CG Badhoevedorp Noord-Holland Netherlands.

2. On information and belief, Defendant Samsung Electronics Co., Ltd. is a Korean corporation with its principal place of business at 129 Samsung-Ro Yeongtong-gu, Gyeonggi-do

1

16677 Suwon-Shi, Republic of Korea. Samsung Electronics Co., Ltd. may be served pursuant to FED. R. CIV. P. 4(f)(1) and TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*.

3. On information and belief, Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 97660. Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. Samsung Electronics America, Inc. may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. On information and belief, Samsung Electronics America, Inc. is registered to do business in the State of Texas and has been since at least June 10, 1996.

5. On information and belief, Samsung Electronics America, Inc. conducts business operations in the Western District of Texas in its facilities at 12100 Samsung Blvd., Austin, Texas 78754. Samsung Electronics America, Inc. has offices in the Western District of Texas where it sells and/or markets its products, including an office in Austin, Texas

6. On information and belief, Defendants directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

7. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused

Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

8. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

9. Plaintiff's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

10. Defendants have committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products into this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

11. This Court has personal jurisdiction over Samsung Electronics Co., Ltd. in this action because Samsung Electronics Co., Ltd. has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung Electronics Co., Ltd. would not offend traditional notions of fair play and substantial justice. Samsung Electronics Co., Ltd., directly and/or through

subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit. Moreover, Samsung Electronics Co., Ltd. actively directs its activities to customers located in the State of Texas.

12. This Court has personal jurisdiction over Samsung Electronics America, Inc. in this action because Samsung Electronics America, Inc. has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung Electronics America, Inc. would not offend traditional notions of fair play and substantial justice. Samsung Electronics America, Inc., directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit. Moreover, Samsung Electronics America, Inc. is registered to do business in the State of Texas, has offices and facilities sin the State of Texas, and actively directs its activities to customers located in the State of Texas.

13. This Court also has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendants because each Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendants, in part, because each Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that each Defendant knew would be used within this

District, and by soliciting business from the residents of the Western District of Texas. For example, Defendants are subject to personal jurisdiction in this Court because, *inter alia*, Defendants have regular and established places of business throughout this District, including at least at 12100 Samsung Blvd., Austin, Texas 78754 and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendants have hired and are hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contacts with the State of Texas.

14. This Court also has personal jurisdiction over Defendants, because in addition to Defendants' online websites and advertising with this District, Defendants have also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

15. The amount in controversy exceeds $75,000 exclusive of interests and costs.

16. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for both Defendants based on the facts set forth above, which are hereby incorporated by reference. Samsung Electronics Co., Ltd. is a foreign corporation not residing in the United States. Upon information and belief, Samsung Electronics Co., Ltd. has transacted business in the Western District of Texas and has committed acts of direct and indirect infringement in the Western District of Texas. Samsung Electronics America, Inc. is registered to do business in the State of Texas, has offices in the State of Texas, and upon information and belief, has transacted business in the Western District of Texas and has committed acts of direct and indirect infringement in the Western

District of Texas. Samsung Electronics America, Inc. maintains a regular and established place of business in the Western District of Texas, including an office located at 12100 Samsung Blvd., Austin, Texas 78754.

## THE PATENTS-IN-SUIT

17. On April 27, 2021, United States Patent No. 10,992,480 ("the '480 patent"), entitled "Method and System for Performing a Transaction and for Performing a Verification of Legitimate Access to, or Use of Digital Data" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On July 13, 2021, United States Patent No. 11,063,766 ("the '766 patent"), entitled "Method and System for Performing a Transaction and for Performing a Verification of Legitimate Access to, or Use of Digital Data" was duly and legally issued by the USPTO. The '480 Patent and '766 Patent claim patent-eligible subject matter and are valid and enforceable. Ward Participations B.V. is the exclusive owner by assignment of all rights, title, and interest in the '480 Patent and the '766 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '480 Patent and the '766 Patent. Neither Defendant is licensed to the '480 Patent nor the '766 Patent, either expressly or implicitly. Neither Defendant enjoys or benefits from any rights in or to the '480 Patent or '766 Patent whatsoever. A true and correct copy of the '480 Patent is attached hereto as **Exhibit 1**. A true and correct copy of the '766 Patent is attached hereto as **Exhibit 2**.

18. The '480 Patent and '766 Patent are referred to herein as the "patents-in-suit."

19. Plaintiff Ward Participations B.V. is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

20. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, all Samsung Devices secured by Knox (see, e.g., https://www.samsungknox.com/en/knox-platform/supported-devices). Plaintiff reserves the right to amend the Accused Instrumentalities throughout this as case according to the Court's scheduling order as Plaintiff gains additional information, including without limitation information from discovery produced by Defendants in this litigation.

## COUNT I
## PATENT INFRINGEMENT OF THE '480 PATENT

21. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

22. Each Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '480 patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

23. Each Defendant also indirectly infringes the '480 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Each Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '480 patent (such as its customers in this District and throughout the United States). Each Defendant continues to induce infringement of the '480 patent. Each Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '480 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Each Defendant contributes to its

customers' infringement because, with knowledge of the '480 patent, each Defendant supplies the technology that allows its customers to infringe the '480 patent.

24. Each Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '480 patent. On information and belief, each Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '480 patent) and each Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '480 patent. Further, each Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use the Accused Products (which are acts of direct infringement of the '480 patent). Alternatively, each Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '480 patent but took deliberate actions to avoid learning of these facts.

25. On information and belief, each Defendant's infringement of the '480 patent has been willful and merits increased damages.

26. On information and belief, each Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '480 patent since at least December 2019 based on Plaintiff's patent litigation in Europe.

27. On information and belief, each Defendant has made no attempt to design around the claims of the '480 patent.

28. On information and belief, each Defendant did not have a reasonable basis for believing that the claims of the '480 patent were invalid.

29. On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

30. Plaintiff has been damaged as the result of each Defendant's willful infringement. Upon information and belief, each Defendant will continue to infringe one or more claims of the '480 patent unless and until they are enjoined by this Court.

31. Each Defendant has caused and will continue to cause Ward Participations irreparable injury and damage by infringing one or more claims of the '480 patent. Ward Participations will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until each Defendant is enjoined from infringing the claims of the '480 patent.

32. The claim chart attached hereto as **Exhibit 3** describes how the elements of an exemplary claim 1 from the '480 patent are infringed by the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II
## PATENT INFRINGEMENT OF THE '766 PATENT

33. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

34.     Each Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '766 patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

35.     Each Defendant also indirectly infringes the '766 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Each Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '766 patent (such as its customers in this District and throughout the United States). Each Defendant continues to induce infringement of the '766 patent. Each Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '766 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Each Defendant contributes to its customers' infringement because, with knowledge of the '766 patent, Each Defendant supplies the technology that allows its customers to infringe the '766 patent.

36.     Each Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '766 patent. On information and belief, each Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '766 patent) and each Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '766 patent. Further, each Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use the Accused Products (which

are acts of direct infringement of the '766 patent). Alternatively, each Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '766 patent but took deliberate actions to avoid learning of these facts.

37. On information and belief, each Defendant's infringement of the '766 patent has been willful and merits increased damages.

38. On information and belief, each Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '766 patent since at least December 2019 based on Plaintiff's patent litigation in Europe.

39. On information and belief, each Defendant has made no attempt to design around the claims of the '766 patent.

40. On information and belief, each Defendant did not have a reasonable basis for believing that the claims of the '766 patent were invalid.

41. On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

42. Ward Participations B.V. has been damaged as the result of each Defendant's willful infringement. Upon information and belief, each Defendant will continue to infringe one or more claims of the '766 patent unless and until they are enjoined by this Court.

43. Each Defendant has caused and will continue to cause Ward Participations irreparable injury and damage by infringing one or more claims of the '766 patent. Ward

Participations will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until each Defendant is enjoined from infringing the claims of the '766 patent.

44. The claim chart attached hereto as **Exhibit 3** describes how the elements of an exemplary claim 1 from the '766 patent are infringed by the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ward Participations respectfully requests the following relief:

A. A judgment that each Defendant has directly infringed and continues to directly infringe either literally and/or under the doctrine of equivalents the patents-in-suit;

B. A judgment that each Defendant has indirectly infringed and continues to indirectly infringe the patents-in-suit;

D. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. That the Court award enhanced damages against Defendants pursuant to 35 U.S.C. § 284;

F. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F. A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G. A judgment and order awarding a compulsory ongoing royalty;

H. A judgment and order awarding Plaintiff costs associated with bringing this action;

X. A judgment and order awarding Plaintiff reasonable attorneys' fees;

I. A judgment granting a preliminary and permanent injunction that restrains and enjoins each Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patents-in-suit; and

J. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Ward Participations hereby demands a trial by jury on all issues so triable.

Dated: August 4, 2021

Respectfully submitted,

By: /s/ Erick S. Robinson

Erick S. Robinson
Texas Bar No. 24039142
Porter Hedges LLP
1000 Main St., 36th Floor
Houston, TX 77002
Telephone: (713) 226-6615
Mobile: (713) 498-6047
Fax: (713) 583-9737
erobinson@porterhedges.com

*Attorneys for Ward Participations B.V.*